[No. 17244.    Department One.    October 14, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v. JACK G. GUY, *Appellant*.[1]

LARCENY (25)—EVIDENCE—SUFFICIENCY.  A conviction of grand larceny is sustained by evidence that a woman with whom accused was intimate, at his instigation, stole jewelry of considerable value, pawning the articles and dividing the proceeds with him, and that he had pawned some of the stolen articles, and had others in his possession when arrested.

CRIMINAL LAW (216)—TRIAL—COMMENTS ON EVIDENCE OR WITNESSES.  The court's admonition to the defendant not to embarrass the witness on the stand will be presumed to have been made under circumstances calling for the same, where no objection was made at the time, and no showing made that it was uncalled for by the conduct of the defendant.

CRIMINAL LAW (350)—NEW TRIAL—MISCONDUCT OF JURORS—COMMUNICATION.  A new trial should not be granted on account of improper conduct of a juror, who during a recess, engaged in a conversation with one of the state's witnesses, where the juror made affidavit that she engaged therein without knowing the person was a witness, that the conversation was general, not relating to the case, and had no influence.

CRIMINAL LAW (451)—APPEAL—HARMLESS ERROR—MISCONDUCT OF COUNSEL.  Reversible error in the misconduct of counsel in argument will not be found by the supreme court upon conflicting affidavits as to what was said, where the trial court refused to interfere.

[1]Reported in 209 Pac. 673.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered October 26, 1921, upon a trial and conviction of larceny. Affirmed.

*W. B. Mitchell,* for appellant.

*William C. Meyer* and *M. R. Morton,* for respondent.

FULLERTON, J.—Jack G. Guy was convicted of the crime of grand larceny, and appeals from the judgment pronounced against him.

Although he makes no specific assignment of error to that effect, the appellant argues that the evidence was insufficient to justify the verdict. Briefly, the evidence on the part of the state disclosed the following: In the latter part of December, 1920, a young woman, then residing at Sprague, Washington, came to the city of Spokane and took a room at a hotel therein, afterwards engaging in some form of employment. Shortly after coming to the hotel, she met the appellant, and soon thereafter became intimate with him. After their relations had reached this stage, the appellant suggested to her that there was no use of working, as there were easier ways of making money; telling her that it was easy to pick up jewels in a jewelry store which could be pawned and money obtained in that way. In February, 1921, the woman, acting on the suggestion, went to a prominent jewelry store in Spokane and stole therefrom four diamond rings of considerable value. These rings she brought to the hotel and showed to the appellant, who told her she had made a pretty good deal. Afterwards she pawned the rings in pawnshops in Spokane, using assumed and fictitious names when dealing with the pawnbrokers. The money received she divided with the appellant, giving him, as she says, the greater part. She again visited the jewelry store in the months of April, May and June following, at

which times she stole other jewelry, the whole being of considerable value. These later visits she also made at the instigation of the appellant, he threatening to expose her if she did not get more jewelry. The jewelry obtained in these later visits was likewise pawned, a part of it by the woman and a part by the appellant. Some of it was pawned in Spokane and some in Seattle, which latter named city the parties visited together, cohabiting while there as man and wife. The money received from the pawn of these articles was also divided between the woman and the appellant, he again receiving the greater part. At the time the appellant was arrested, he had in his possession a ring and a scarf pin stolen by the woman from the jewelry store mentioned. Other circumstances appear in the evidence which tend to show the appellant's participation in and guilty knowledge of the several transactions, but these need not be set forth in detail.

The state's evidence clearly made a case of grand larceny, as that crime is now defined by the code. The appellant in his testimony, it is true, denied much of the matters charged against him, and offered somewhat plausible explanations of the matter which could not be denied, but the question of his guilt was nevertheless one for the jury and we have no warrant to disturb their verdict.

While the woman witness was on the stand testifying for the state, the court interrupted the proceedings to remark:

"It will not be permitted to the defendant or any one about him to smile or embarrass the witness in any manner when she answers."

No objection or exception was taken to the remark at the time, and, in so far as the record discloses, the examination proceeded in the usual manner. The

appellant assigns error on the action of the court, arguing that the remark was highly prejudicial to him and deprived him of that fair and impartial trial which is guaranteed to him by the laws of the state. But, as the record appears, we find no error. Whether the court's remark can be said to be prejudicial must, of course, depend upon the conditions which induced it. If the defendant at the time the remark was made was conducting himself in a decorus and proper manner, he could, perhaps, justly complain that he was erroneously prejudiced before the jury by the remark of the court. If, on the other hand, he was at the time making grimaces at the witness in an effort to embarrass and confuse her while she was giving her testimony, it was proper for the court to interfere, however much the appellant might be adversely affected by such action. But error is never presumed; it must appear affirmatively. When, therefore, an act of the court is shown which would be error under certain circumstances but proper under others, and there is nothing to show the circumstances surrounding the act, it will be presumed that the act was justified by the circumstances. In other words, it will be presumed that had all of the surrounding circumstances been shown, there would have been no just ground for complaint. So here, since the record is silent as to the causes which induced the court to make the remark complained of, it will be presumed there was ample justification for it, and consequently no error.

The jury were allowed to separate during the recesses of the court by the consent of the appellant. During one of such recesses, a juror went into a corridor outside of the court room and sat on one of the benches placed there for the purpose of furnishing seats for persons in attendance upon the court. While there one of the state's witnesses, the mother of the

woman before mentioned, sat down on the same bench and engaged in a conversation with her. The matter being called to the attention of the trial judge by the defendant or his attorney, he sent a bailiff to "inform the parties not to converse together." The bailiff so informed them, and the matter was given no further attention at the time. This incident was made the basis of one of the grounds for a new trial, and affidavits were filed showing the circumstance in support of the motion. In answer the state produced the affidavit of the juror, who states that when she began the conversation with the witness, she was unacquainted with her and did not know she was a witness, or know her relationship to the prosecuting witness; that the witness did not intrude herself upon her, nor press the conversation in any way; that the conversation between them was on matters of general interest, there being no mention of the cause on trial; that she had wholly forgotten the incident when she retired to the jury room to consider the evidence, and that the incident in no manner affected her judgment or deliberations as a juror. The juror's statement of the occurrence, particularly as to the length of time and the earnestness of the conversation, are somewhat contradicted by counter affidavits filed, but taking these at the full purport, we see no cause for reversing the judgment. It seems to us to be nothing more than a case where a juror, innocent of all wrongdoing, is entrapped into a seeming impropriety.

Error is based upon the argument of counsel for the state to the jury. There was no verbatim report of the argument taken and what was actually said has to be gathered from the conflicting affidavits of the parties. Those filed by the appellant possibly show an abuse of counsel's privileges, while those on the other side show that he was well within the bounds of legiti-

mate argument. In such a case, we feel that we should be largely governed by the findings of the trial court who not only had the affidavits before it but heard the arguments, and since he did not feel called upon to interfere, we shall not do so.

The judgment is affirmed.

PARKER, C. J., MITCHELL, BRIDGES, and TOLMAN, JJ., concur.